IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHRIS MONET,<br><br>            Plaintiff,<br>   v.<br><br>CHASE HOME FINANCE, LLC, and DOES 1 through 30,<br>            Defendants.<br>_____/ | No. C 10-00135 RS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS** |

Defendant Chase Home Finance, LLC ("Chase") moves to dismiss the first amended complaint ("FAC") filed by plaintiff Chris Monet, who is proceeding *pro se*. For the reasons set forth below, the motion is denied with respect to Monet's breach of contract claim. It is also denied with respect to Monet's claim alleging a violation of the Real Estate Settlement Procedures Act ("RESPA"). As to Monet's claim for unjust enrichment, the motion is granted with leave to amend. Finally, as to Monet's claim for injunctive relief, Chase's motion to dismiss will be granted, but Monet will be given an opportunity to amend his complaint to allege he is entitled to injunctive relief as a remedy for some or all of his other claims.

I. BACKGROUND

According to the allegations of the FAC and associated documents which are subject to

judicial notice,[1] Monet is the owner of real property located at 1228-1230 Naglee Avenue, San Jose, California. Monet purchased the property in August 2007 for approximately $730,000, paying roughly $77,000 as a down payment. To finance the remaining balance, he obtained two adjustable rate mortgage loans, both of which were secured by the property. The first loan was for $500,000, and the second for $157,000. Both loans are the subject of separate deeds of trust recorded on September 5, 2007. Each deed lists Suntrust Mortgage, Inc., as the lender; Mortgage Electronic Registration Systems, Inc., as the beneficiary; Jackie Miller as the trustee; and Monet as the borrower.

Following these transactions, Monet claims he began making monthly payments to Suntrust on both notes. Around April 2008, Suntrust assigned all interest in the first deed of trust (but not the second) to Chase. Monet, however, claims he received no notice of this transaction and that he continued to send monthly payments for both mortgage loans to Suntrust, which in turn allegedly applied all the monies to the smaller second loan it had retained.

Monet avers that he belatedly realized Suntrust had assigned the $500,000 note and that he was expected to send his monthly payments on the first loan to Chase, not Suntrust. By the time he realized the error by conducting a title search, he contends that Chase had assessed numerous penalties and interest. When he contacted Chase to verify its ownership of the note and to find out where he needed to send his monthly payments, he was told that Chase would begin billing him directly commencing in September 2008. He claims, however, that he never received any bills from Chase. In May 2009, Chase initiated foreclosure proceedings, which were eventually halted by a temporary restraining order from the Santa Clara Superior Court earlier in this lawsuit. Chase claims in its motion to dismiss that, as of May 4, 2009, Monet was nearly $40,000 in arrears on the $500,000 note.

Monet filed an initial complaint against Chase in Santa Clara Superior Court in July 2009. The complaint alleged breach of contract, negligent misrepresentation, and other state law claims.

---

[1] Chase asks the Court to take judicial notice of various documents filed with the Santa Clara County Recorder's office, including copies of Monet's deeds of trust, a notice of assignment of one of the deeds, a notice of substitution of trustee for the same deed, and a notice of trustee's sale. Judicial notice of these documents is proper under Federal Rule of Evidence 201(b), because their contents are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, and therefore their veracity is not subject to reasonable dispute.

Chase filed a demurrer and a motion to strike, which Monet opposed. The record is unclear as to how the Superior Court ruled on these motions (if it did so at all). On December 7, 2009, Monet filed the FAC, which Chase received via mail on December 12, 2009. The FAC advances claims for (1) breach of contract, (2) unjust enrichment and imposition of a constructive trust, (3) violation of RESPA (12 U.S.C. § 2605); and (4) injunctive relief.

Chase removed the case to this Court on January 11, 2010, citing the FAC's third claim under RESPA as a basis for federal subject matter jurisdiction. The instant motion to dismiss followed on January 19, 2010.[2] The motion was heard in this Court on March 25, 2010.

## II.  LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a claim may be dismissed because of a "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. *Marceau v. Blackfeet Hous. Auth.*, 540 F.3d 916, 919 (9th Cir. 2008); *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1999). The Court, however, is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Sec. Litig.*, 536 F.3d 1049, 1056-57 (9th Cir. 2008); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Although they may provide the framework for a complaint, legal conclusions need not be accepted as true and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009); *see also Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). Furthermore, courts will not assume that plaintiffs "can prove facts which [they have] not alleged, or that the defendants

---

[2] Monet's opposition to the motion to dismiss was due March 4, 2010 under Civil Local Rule 7-3(b). The Court received his opposition on March 8, 2010, several days after the deadline. Nonetheless, the arguments contained in the opposition have been considered in the course of deciding this motion.

3

have violated ... laws in ways that have not been alleged*." Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

III.  ANALYSIS

A.  <u>Breach of Contract</u>

The FAC first claims that Chase committed a breach of contract by failing to notify Monet in a timely fashion that he needed to send his mortgage payments to Chase instead of Suntrust. Under California law, the elements of a breach of contract claim are "(1) the existence of a contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) resulting damage to plaintiff." *EPIS, Inc. v. Fidelity & Guaranty Life Ins. Co.*, 156 F. Supp. 2d 1116, 1124 (N.D. Cal. 2001) (citing *Reichert v. Gen. Ins. Co.*, 68 Cal.2d 822, 830, 442 P.2d 377, 381 (1968)). In this case, Monet contends that Chase breached "the First Note and/or Deed of Trust." FAC at 7, ¶ 38. The relevant deed of trust provides: "If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing."

Chase contends that the FAC does not allege Chase itself was the loan servicer, and that only such a loan servicer has an affirmative contractual duty to give Monet notice of any servicer change. This argument overlooks the fact that the deed of trust memorialized a bargained-for exchange between Monet and his lender—not between Monet and a loan servicer. The deed of trust, by its plain language, imposes a duty on the *lender* to inform the borrower of a change in loan servicer, and therefore the lender could indeed incur liability if such notice is never given.

The FAC, therefore, sufficiently explains how Suntrust owed Monet a disclosure duty under the applicable contract. Monet alleges, moreover, that Suntrust was Chase's "predecessor-in-interest." The standard of review dictates that all facts alleged in the complaint should be taken as true, and all reasonable factual inferences should be drawn in favor of the non-moving party (here, Monet). It is reasonable to infer from the FAC's "predecessor-in-interest" allegation that Suntrust's disclosure duty under the deed of trust flowed to Chase upon re-assignment of the note. The argument that the FAC fails to allege sufficient facts to state a claim for breach against Chase is therefore unpersuasive.

4

B. <u>Unjust Enrichment</u>

Under California law, the elements of an unjust enrichment claim are (1) the receipt of a benefit and (2) the unjust retention of the benefit at the expense of another. *Peterson v. Cellco P'ship*, 164 Cal. App. 4th 1583, 1592 (Cal. App. 2008). Here, the FAC alleges that Chase has been unjustly enriched because Monet has been fulfilling his end of the contract by sending his monthly payments to Suntrust. While Chase may have succeeded to Suntrust's interest in the note, the FAC contains no allegation that Chase itself is receiving, or has in the past received, Monet's misdirected payments. The FAC therefore fails to indicate that Chase is either receiving a benefit or that it is retaining that benefit at Monet's (or anyone else's) expense.[3] Chase's motion to dismiss this claim is therefore well-taken. Nonetheless, Monet will be afforded leave to amend his FAC to indicate, if possible, what benefit(s) Chase has received and is retaining unjustly.

C. <u>RESPA</u>

Finally, the FAC alleges that Chase violated 12 U.S.C. § 2605, a portion of RESPA. That statute provides, in pertinent part, that "[e]ach servicer of any federally related mortgage loan shall notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person." 12 U.S.C. § 2605(b)(1). The statute imposes this duty on both the original loan servicer and the person or entity to whom servicing is transferred; the former must provide the notice at least 15 days before the transfer occurs, and the latter must do so no more than 15 days after the transfer. *Id.* § 2605(b) & (c).

Chase, citing *Hutchinson v. Delaware Sav. Bank*, 410 F. Supp. 2d 374, 383 (D.N.J. 2006), contends that a plaintiff wishing to state a claim under § 2605 must specifically allege a pecuniary loss, and that Monet has failed to so allege. *Hutchinson* is inapplicable, as Monet has alleged that he incurred liability for numerous penalties and interest as a result of the misdirection of his mortgage payments, and moreover that his credit score has been negatively impacted by the events leading up to this lawsuit. Chase's argument is therefore unavailing. *See Cortez v. Keystone Bank, Inc.*, 2000 WL 536666 (E.D. Pa. May 2, 2000) (noting that plaintiffs' contention that they experienced a

---

[3] Monet additionally argued during the motion hearing that Chase is being enriched because it is unjustifiably adding substantial interest and late fees to his existing debt. There has been no indication, however, that Monet has actually remitted such interest and fees, but only that Chase has asked for them. Therefore, no claim for unjust enrichment has been stated, thus far.

5

negative impact on their credit as a result of defendant's RESPA violation was sufficient to allege actual damages).

D. <u>Injunctive Relief</u>

Monet also alleges separately that he is entitled to injunctive relief—specifically, that Chase "should be precluded from disposing of [Monet's] Property by means of power of sale and/or non-judicial foreclosure, or by any other means, until such time as the rights of the parties have been adjudicated." FAC at 10-11, ¶ 55.

Injunctive relief is a remedy, not a claim in and of itself. Therefore Monet's "claim" for injunctive relief cannot survive Chase's motion to dismiss. Monet may, however, amend the FAC to include a prayer for injunctive relief, to the extent such a remedy exists for any of the claims he alleges.

## IV. CONCLUSION

For these reasons, Chase's motion to dismiss is denied as to Monet's first and third claims. As to Monet's second and fourth claims, the motion to dismiss is granted with leave to amend. If Monet wishes to amend his complaint further in light of this Order, he should do so no later than **April 23, 2010**.

The Case Management Conference scheduled for April 21, 2010, is continued to **June 3, 2010, at 10:00 a.m.** in Courtroom 3, 17th Floor, United States Courthouse, 450 Golden Gate Avenue, San Francisco, California. The parties should file their case management statements no later than **May 27, 2010**. Note that under Civil Local Rule 16-9(a), the parties may file separate case management statements since one of the parties is not represented by counsel.

At the hearing, Monet requested permission to register with the Court's electronic case filing system. This request is granted. Monet should contact the Clerk's Office at 415/522-2000 to obtain the necessary paperwork.

IT IS SO ORDERED.

Dated: 03/26/2010

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

6

| | |
|---|---|
| 1 | **THIS IS TO CERTIFY THAT NOTICE OF THIS DOCUMENT WAS ELECTRONICALLY PROVIDED\* TO:** |
| 2 | |
| 3 | **John M. Sorich** jsorich@adorno.com<br>**Sung-Min Christopher Yoo** cyoo@adorno.com, vdelgado@asands.com |
| 4 | **AND A HARD COPY OF THIS ORDER WAS MAILED TO:** |
| 5 | **Chris Monet** |
| 6 | POB 67365<br>Scotts Valley, CA 95067 |

\* Counsel are responsible for distributing copies of this document to co-counsel who have not registered for the Court's electronic case filing system.

Dated: 03/26/2010 /s/ Chambers Staff
Chambers of Judge Richard Seeborg