*E-Filed 06/16/2010*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

CHRIS MONET,

      Plaintiff,

v.

CHASE HOME FINANCE, LLC, et al.,

      Defendants.

No. C 10-0135 RS

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

## I. INTRODUCTION

Chase Home Finance ("Chase") moves to dismiss a single claim advanced in plaintiff Chris Monet's Second Amended Complaint (the "SAC"). In the SAC, Monet alleges breach of contract, violation of the Real Estate Settlement Procedures Act ("RESPA), 12 U.S.C. § 2605, and unjust enrichment meriting the imposition of a constructive trust. It is only this final claim that Chase asserts should be dismissed for failure to state a claim for relief. Defendant's motion was submitted without oral argument pursuant to Civil Local Rule 7-1(b). Because Monet has alleged that Chase accepted monthly mortgage payments without applying them to Monet's outstanding balance, he has advanced a viable claim for relief. Chase's motion must therefore be denied.

## II. BACKGROUND

1    As detailed in this Court's Order of March 26, 2010 granting in part and denying in part
2  Chase's first motion to dismiss, the parties' disagreement concerns residential property located at
3  Naglee Avenue in San Jose, California.  Monet owns the property and has resided there
4  intermittently since its purchase.  In September of 2005, Monet entered into two separate loan
5  agreements with a lender called Suntrust Mortgage, Inc. ("Suntrust") to fund part of the property's
6  purchase price.  The principal of the first loan was $500,000; the second was $157,000.  Chase
7  purchased the deed of trust relating to the $500,000 loan in the spring of 2008.  According to Chase,
8  Monet failed to meet any of his monthly mortgage obligations after Chase purchased the deed from
9  the original lender.  Monet claims that he made every monthly payment.  He explains he timely
10 mailed his monthly obligation to Suntrust and points out that he did so because neither that entity
11 nor Chase notified him of the transfer or indicated that he should direct his payments elsewhere.  In
12 other words, Monet insists there was no way he could have known that he was under any obligation
13 to pay Chase any sum.  He avers that when he did, by conducting a title search, discover the
14 assignment to Chase, he learned of the penalties and interest it had assessed.  Monet explains that,
15 although he never received a bill from Chase, he asked that it forward all bills and notices to his
16 proper address.  Even after this exchange, Monet insists Chase never actually mailed its demands.

17   In the First Amended Complaint (the "FAC"), Monet seemed to suggest that Suntrust
18 improperly applied his monthly payments to the smaller, second loan.  Monet clarifies in the SAC
19 that his second loan was not actually credited with the excess funds.  He now suggests that Suntrust
20 forwarded Monet's monthly payments to Chase, who did not then apply them to Monet's loan.
21 Accordingly, Monet advances two related but distinct theories for recovery.  The first is a breach of
22 contract claim.  He relies on the express language of the deed of trust that required notice of
23 assignment and claims its absence effected a material breach.  This claim is not at issue here.
24 Monet's second theory suggests that, in the alternative, Chase's position as loan holder obligated it
25 to apply any funds received from Monet toward his outstanding obligation.  He contends it would be
26 unjust for Chase to keep those funds and also assert its right to foreclose on Monet's property as
27 well as to collect penalty fees and interest from the "missed" payments.

28

No. C 10-0135 RS
ORDER DENYING MOTION TO DISMISS

2

## III.  LEGAL STANDARD

In the context of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court accepts a plaintiff's factual allegations as true and construes the complaint in the light most favorable to that party. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  Dismissal is appropriate where a complaint lacks "a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008) (citation omitted).  In considering a Rule 12(b)(6) motion, a district court generally may not take into account material beyond the pleadings. *Fort Vancouver Plywood Co. v. United States*, 747 F.2d 547, 552 (9th Cir. 1984).  The exception is material properly submitted as part of the complaint. *Amfac Mtg. Corp. v. Arizona Mall of Tempe*, 583 F.2d 426, 429-30 (9th Cir. 1978).

Rule 8(a)(2) demands that a pleading include a "short and plain statement of the claim showing that the pleader is entitled to relief."  The Supreme Court has instructed that this mandate does not require "detailed factual allegations," but "demands more than an unadorned, the-defendant-harmed-me accusation" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted).  "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Id.* (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Accordingly, dismissal under Rule 12(b)(6) is appropriate where a complaint lacks "sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

Federal Rule of Civil Procedure 15(a) instructs that leave to amend an order of dismissal "shall be freely given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  "Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).  That said, a Court may foreclose amendment where it would be futile or subject to dismissal. *See Gadda v. State Bar of Cal.*, 511 F.3d 933, 939 (9th Cir. 2007).

## IV.  DISCUSSION

Chase argues that Monet has again failed to establish how his claim for "unjust enrichment and imposition of constructive trust" entitles him to relief as a matter of law. Decisions in both this federal district as well as in California state courts diverge on the proper way to conceptualize unjust enrichment. The differences center on the availability of the unjust enrichment theory as an independent claim for relief. Sometimes, courts read a plaintiff's claim for unjust enrichment as a cause of action. *See, e.g.*, *Ghirardo v. Antonioli*, 14 Cal. 4th 39, 50 (1996) (recognizing that a plaintiff may advance a stand-alone claim for unjust enrichment, particularly where he or she seeks restitution and other remedies are inadequate). As such, these courts focus on whether the facts demonstrate a defendant's unjust receipt of some benefit. Other courts cast unjust enrichment as an *effect*: it is simply the thing that needs remedying. This view differs chiefly in that it does not perceive unjust enrichment to be a *claim* for relief at all, but instead as an effect that must be tethered to a distinct legal theory or plea for relief, like an action premised on a quasi-contract theory. *See McKell v. Wash. Mut., Inc.*, 412 Cal. App. 4th 1457, 1489 (2006); *Melchior v. New Line Productions, Inc.*, 106 Cal. App. 4th 779, 793 (2003) ("The phrase 'unjust enrichment' does not describe a theory of recovery, but an effect: the result of a failure to make restitution under circumstances where it is equitable to do so.").

In several key respects, though, the two approaches do not necessarily compete and can be harmonized. Under both views, the effect of unjust enrichment is remedied with some form of restitution. *See, e.g.*, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 684 (9th Cir. 2009) ("Unjust enrichment is commonly understood as a theory upon which the remedy of restitution may be granted."); Restatement of Restitution § 1 (1936) ("A person who has been unjustly enriched at the expense of another is required to make restitution to the other."). Given the appropriate facts (the independent claim concept would characterize what follows as "elements"), a plaintiff advances a basis for obtaining restitution if he or she demonstrates defendant's receipt and unjust retention of a benefit. *See Lectrodryer v. SeoulBank*, 77 Cal. App. 4th 723, 726, 91 (2000); *First Nationwide Savings v. Perry*, 11 Cal. App. 4th 1657, 1662-63 (1992). "The fact that one person benefits another is not, by itself, sufficient to require restitution." *McBride v. Boughton*, 123 Cal. App. 4th 379, 389

NO. C 10-0135 RS
ORDER DENYING MOTION TO DISMISS

1  (2004) (*quoting First Nationwide Savings v. Perry*, 11 Cal. App. 4th 1657, 1662 (1992)).  Instead,

2  "[t]he person receiving the benefit is required to make restitution only if the circumstances are such

3  that, as between the two individuals, it is unjust for the person to retain it."  *Id.* (internal quotation

4  marks and citations omitted).

5        The benefit of the narrower view is that it perhaps more effectively delineates precisely what

6  unjust enrichment means and how it works.  The bare unjust enrichment claim seems to suggest a

7  plaintiff can recover any time a defendant retains a benefit to which he or she was not entitled.  The

8  historic application of the equitable theory suggests this is not necessarily so.  There are a handful of

9  factual scenarios where a theory of unjust enrichment has historically supported a restitutionary

10 remedy.[1]  A plaintiff may, for example, advance a claim as an alternative to breach of contract

11 damages when the parties have a contract that was procured by fraud or is for some reason

12 unenforceable.  *See McBride v. Boughton*, 123 Cal. App. 4th 379, 388 (2004).  Or, where the

13 plaintiff cannot assert title or right to possession of particular property, but nevertheless can show

14 just grounds for recovering money to pay for some benefit the defendant received from him, "the

15 plaintiff has a right to restitution at law through an action derived from the common-law writ of

16 assumpsit" (this method implies a contract at law, or a quasi-contract).  *See Great-West Life &*

17 *Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 213 (2002) ("Such claims were [historically] viewed

18 essentially as actions at law for breach of contract (whether the contract was actual or implied).").

19 Finally, a plaintiff may seek restitution in equity, ordinarily in the form of a constructive trust or an

20 equitable lien, where money or property "identified as belonging in good conscience to the plaintiff

21 could clearly be traced to particular funds or property in the defendant's possession."  *Id.*

---

[1] Indeed, to the extent this Court has in the past recognized a "claim" for "unjust enrichment," as a valid basis for restitution (or rejected one as an inappropriate claim for such relief), the decision was driven by the facts and whether they presented one of the three traditional scenarios discussed here.  *Compare Monet v. Chase Home Finance*, No. 10-00135, 2010 WL 1240973, at *3 (Mar. 26, 2010) (treating unjust retention of a benefit as "elements" of an unjust enrichment "claim" but where facts suggested plaintiff framed unjust enrichment theory as an alternative to breach of contract theory) *with Digital Envoy, Inc. v. Google, Inc.*, No. 04-1497, 2005 WL 2999364, at *5 (N.D. Cal. Nov. 8, 2005) ("Under California law, unjust enrichment is an action in quasi-contract . . . .").

It is this third avenue that Monet takes in the SAC. Essentially, he argues he did send his monthly payment obligations to Suntrust and insists that neither that entity nor Chase credited him for those payments. He argues further that Suntrust forwarded his payments to Chase, who improperly pocketed them. (Compl. ¶ 25.) That Chase relies on these missed payments in its foreclosure action and to recover interest and penalties also colors Monet's claim that the bank has unjustly retained a benefit at his expense.

Chase argues narrowly that Monet cannot recover under this claim because he has not demonstrated that any "unjust enrichment" actually occurred and more broadly that a constructive trust is not an available option given these parties and these facts.  As to its narrow claim, Chase insists Monet has not proven that Chase ever received the payments directly from Monet, from Suntrust, or from any other party. Until he does so, Chase insists Monet cannot show that the bank actually retained a benefit (unjust or otherwise). It was indeed Monet's inability to point to a concrete benefit that drove the dismissal of this count as alleged in the FAC. In the SAC, in contrast, Monet contends Suntrust sent and Chase received Monet's monthly payments. While this exchange is obviously something Monet must ultimately prove in order to recover, at this procedural stage, he is required only to aver a plausible claim for relief. He has done so here: it is certainly plausible that the original lender would forward a borrower's timely payments to its assignee.

Next, Chase notes that while unjust enrichment can be understood as something of a prerequisite to the imposition of a constructive trust,[2] Monet has not sufficiently demonstrated that a constructive trust is the appropriate remedy given these facts. This is not so. "A constructive trust is not a true trust but an equitable remedy available to a plaintiff seeking recovery of specific property in a number of widely differing situations." *BGJ Assoc., LLC v. Superior Court*, 75 Cal. App. 4th 952, 967 (1999) (internal quotation marks omitted). Moreover, "[t]he cause of action is not based on the establishment of a trust, but consists of the fraud, breach of fiduciary duty, or other act that entitles the plaintiff to some relief. That relief, in a proper case, may be to make the

---

[2] *See Martin v. Kehl*, 145 Cal. App. 3d 228, 237 (1983) ("The essence of the constructive trust theory is to prevent unjust enrichment and to prevent a person from taking advantage of his own wrongdoing.") (internal quotation marks and citation omitted).

No. C 10-0135 RS
ORDER DENYING MOTION TO DISMISS

6

defendant a constructive trustee with a duty to transfer to the plaintiff." *Id.* California Civil Code section 2224 further provides that "[o]ne who gains a thing by fraud, accident, mistake, undue influence, the violation of a trust, or other wrongful act, is, unless he or she has some other and better right thereto, an involuntary trustee of the thing gained, for the benefit of the person who would otherwise have had it." Accordingly, Chase asserts that "an action for constructive trust cannot stand absent the pleading of facts indicating" one of these enumerated scenarios. (Defs.' Mot. at 6:4-6.) Assuming Chase did receive Monet's payments and in light of the fact that it clearly did not apply them to his loan obligation, Chase's reasoning is not persuasive. The factual scenario Monet posits seems precisely the sort contemplated by the cited statute. Chase stepped into Suntrust's shoes and was certainly entitled to receive those funds. That said, it obviously had a corresponding duty to direct them toward Monet's loan obligation. Monet alleges that it did not and, accordingly, had no legal right to use those funds for any other purpose.

## V. CONCLUSION

As noted above, Monet has stated a plausible, alternative claim for equitable relief and Chase's motion to dismiss the second claim for relief in the SAC must be denied.

IT IS SO ORDERED.

Dated: 06/16/2010

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE