UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHRIS MONET,<br><br>        Plaintiff,<br>v.<br><br>CHASE HOME FINANCE LLC, and<br>DOES 1 through 30,<br><br>        Defendant. | Case No.: 10-CV-00135-LHK<br><br>ORDER DECLINING TO IMPOSE SANCTIONS |

The Court previously issued an Order to Show Cause why Defendant Chase Home Finance LLC and its counsel should not be sanctioned for failure to comply with a Court order. On May 11, 2011, the Court held a hearing on this issue. Based on the responses provided at the hearing and in briefing, the Court finds as follows:

(1) On January 5, 2011, following a Case Management Conference, the Court issued a Case Management Order requiring the parties to complete certain discovery by specified dates. *See* Minute Order and Case Management Order, Jan. 5, 2011, ECF No. 42.

(2) Pursuant to the Case Management Order, Defendant was required to produce copies of certain documents and other documentation by February 4, 2011. Copies of these documents were not provided to Plaintiff until May 6, 2011. *See* Document Production in Response to Court's Order, ECF No. 51.

(3) Pursuant to the Case Management Order, Defendant was required to produce the original note and deed of trust for Plaintiff's inspection by February 4, 2011, prior to his February 17, 2011 deposition. Although Defendant made these and other documents available for

1  inspection on February 4, 2011, Defendant was unwilling to arrange a time for inspection of these documents prior to Plaintiff's deposition. *See* Decl. of Christopher Yoo In Response to Order to Show Cause ("Yoo Decl.") Ex. 3.  Plaintiff did not have an opportunity to inspect these documents until the date of his deposition, on April 6, 2011.

(4) Pursuant to the Case Management Order, the parties were required to file a stipulation selecting an ADR process by February 4, 2011.  Although Plaintiff, who is proceeding *pro se*, apparently sent a draft ADR stipulation to Defendant on January 20, 2011, and followed up on the matter with Defendant's counsel on February 18, 2011, no ADR stipulation was ever filed.  *See* Pl.'s Response to OSC at 5-6, ECF No. 59.

(5) Pursuant to the Case Management Order, Plaintiff's deposition was to be taken on February 17, 2011.  On February 16, 2011, the day before the deposition was ordered to take place, Defendant's counsel contacted Plaintiff to cancel the deposition due to a scheduling conflict.  *See* Pl.'s Response to OSC at 4.  The deposition was rescheduled for March 17, 2011, but on March 16, 2011, Defendant's counsel again contacted Plaintiff to cancel the deposition due to a scheduling conflict.  Yoo Decl. Ex. 7.  Plaintiff was finally deposed on April 6, 2011.[1]

Defendant and its counsel are reminded that both parties and attorneys may be sanctioned for failure to obey a case management order.  *See* Fed. R. Civ. P. 16(f) ("On motion or on its own, the court may issue any just orders . . . if a party or its attorney . . . fails to obey a scheduling or other pretrial order.").  "The Federal Rules of Civil Procedure explicitly authorize the establishment of schedules and deadlines, in Rule 16(b), and the enforcement of those schedules by the imposition of sanctions, in Rule 16(f)."  *Wong v. Regents of University of California*, 410 F.3d 1052, 1060 (9th Cir. 2005).  The Court is disappointed by Defense counsel's failure to comply with the deadlines explicitly ordered by the Court.  Defense counsel's conduct has slowed discovery,

---

[1] It appears that the parties agreed to depose Plaintiff on March 30, 2011.  However, due to some confusion on Plaintiff's part, Plaintiff appeared for the deposition on March 29, 2011, rather than March 30, 2011.  Yoo Decl. ¶ 12.  Accordingly, the final week of delay between March 30, 2011 and April 6, 2011 is not attributable to Defendant or its counsel.

2
Case No.: 10-CV-00135-LHK
ORDER DECLINING TO IMPOSE SANCTIONS

1  necessitated an extension of the fact discovery deadline, and delayed use of the Court's ADR
2  process to attempt to resolve this case.  It is troubling that Plaintiff Monet, who is proceeding
3  without the assistance of counsel, has diligently attempted to comply with the Court's orders, only
4  to encounter a lack of cooperation from opposing counsel.  Nonetheless, because sanctions can
5  carry serious consequences, the Court declines to impose them at this time.  Defendant and its
6  counsel are advised, however, that any future requests for sanctions or orders to show cause will be
7  evaluated based on the full record in this case.  *See Sec. Farms v. Int'l. Bhd. of Teamsters*, 124 F.3d
8  999, 1016-17 & n.24 (9th Cir. 1997) (affirming imposition of sanctions based on full record after
9  additional Rule 11 violations came to light).

**IT IS SO ORDERED.**

Dated: May 19, 2011

_____
LUCY H. KOH
United States District Judge

3

Case No.: 10-CV-00135-LHK
ORDER DECLINING TO IMPOSE SANCTIONS