UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| CHRIS MONET, | ) | Case No.: 10-CV-00135-LHK |
| Plaintiff, | ) | |
| v. | ) | ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| CHASE HOME FINANCE LLC, and DOES 1 through 30, | ) ) ) | |
| Defendants. | ) ) | |

Before the Court is Defendant Chase Home Finance LLC's ("Chase") motion for summary judgment. ECF No. 68 ("Mot."). Plaintiff Chris Monet, appearing *pro se*, did not file a timely opposition to this motion.[1] Therefore, the Court only considers Chase's motion and supporting documents and Plaintiff's Second Amended Complaint ("SAC"), ECF No. 17. Pursuant to Civil Local Rule 7-1(b), the Court deems this motion appropriate for resolution without oral argument and VACATES the August 25, 2011 hearing. After reviewing Chase's submissions and the SAC, the Court DENIES Defendant's motion for summary judgment.

### I. Request for Judicial Notice

In addition to submitting documents attached as exhibits to the Declaration of Thomas E. Reardon, Chase asks the Court to take judicial notice of seven documents: (1) the first Deed of

---

[1] Plaintiff did file a paper copy of his opposition with the Court on Friday, August 19, 2011, more than two weeks after the August 4, 2011, deadline for filing an opposition under the Local Rules. The Court did not consider this filing in ruling on Chase's motion.

1

Case No.: 10-CV-00135-LHK
ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Trust on 1228-1230 Naglee Avenue, San Jose, California 95126 ("the subject property"), for $500,000, filed with the Santa Clara County Recorder; (2) the secondary Deed of Trust on the subject property for $157,000, filed with the Santa Clara County Recorder; (3) the Notice of Default under the first Deed of Trust, filed with the Santa Clara County Recorder; (4) the Assignment of Deed of Trust assigning the first Deed of Trust to Chase, filed with the Santa Clara County Recorder; (5) the Substitution of Trustee replacing Jackie Miller with Northwest Trustee Services as trustee of the first Deed of Trust, filed with the Santa Clara County Recorder; (6) the Notice of Trustee's Sale of the subject property under the first Deed of Trust, filed with the Santa Clara County Recorder; and (7) the SAC. Req. for Judicial Notice, ECF No. 69. A district court may take notice of facts not subject to reasonable dispute that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir.1993). The Court concludes that the public documents submitted by Defendant are not subject to reasonable dispute and are proper subjects of judicial notice. *See Karimi v. GMAC Mortg.*, No. 11-CV-00926-LHK, 2011 WL 3360017, at *1 (N.D. Cal. Aug. 2, 2011) (taking judicial notice of nearly identical documents). Accordingly, the Court GRANTS Chase's request for judicial notice.

**II.    Background**

On September 5, 2007, Plaintiff obtained two loans from Suntrust Mortgage, Inc. ("Suntrust"), each secured by a Deed of Trust against the subject property. Req. for Judicial Notice Ex. 1; Req. for Judicial Notice Ex. 2. The first Deed of Trust was for $500,000, and the second for $157,000. *Id.* Both Deeds of Trust identify Suntrust as the lender; Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary; Jackie Miller as the trustee; and Plaintiff as the borrower. *Id.* Suntrust subsequently assigned, sold, or transferred servicing rights on the first Deed of Trust to Chase, effective May 1, 2008. Reardon Decl. ¶ 7 & Ex. D. Chase contends that before this transfer became effective, it mailed a Notice of Assignment, Sale or Transfer of Servicing Rights ("Notice of Assignment") in compliance with the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(b)-(c) (2006), to Plaintiff at the subject property

address. In his declaration on behalf of Chase, Thomas E. Reardon includes as an exhibit what he states is "[a] true and correct copy of the Notice of Assignment." Reardon Decl. ¶ 7.

After the transfer of servicing rights, Plaintiff's loan under the first Deed of Trust went into default. Reardon Decl. ¶ 8. Chase filed a Notice of Default and Election to Sell Under Deed of Trust with the Santa Clara County Recorder on May 5, 2009. Req. for Judicial Notice Ex. 3.

Plaintiff filed the SAC on April 21, 2010. ECF No. 17. The SAC alleges three causes of action for: (1) breach of contract; (2) unjust enrichment and imposition of constructive trust; and (3) statutory violation of RESPA. SAC ¶¶ 37-54. Plaintiff's claims for breach of contract and violation of RESPA allege that Chase failed to provide Plaintiff with written notice of the change in mortgage servicer to his address of notice. Plaintiff alleges that in late 2007 he changed his mailing address with Suntrust pursuant to the requirements of the first Deed of Trust. SAC ¶ 23. Plaintiff also alleges a violation of Section 2605(e) of RESPA due to Chase's failure to respond to what Plaintiff claims was a Qualified Written Request ("QWR") sent to Chase on June 8, 2009, requesting information about his mortgage account. SAC ¶ 54. As to Plaintiff's claim for unjust enrichment, Plaintiff alleges that he continued to send monthly mortgage payments on the first Deed of Trust to Suntrust, and that either Suntrust or Chase kept those payments without crediting Plaintiff's account for them or refunding the money to Plaintiff. SAC ¶ 25.

### III.   Motion for Summary Judgment

#### A. Legal Standard

Summary judgment is proper where the pleadings, discovery and affidavits demonstrate that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986). Where the moving

3

Case No.: 10-CV-00135-LHK
ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. But on an issue for which the opposing party will have the burden of proof at trial, as is the case here, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The Court is only concerned with disputes over material facts; "factual disputes that are irrelevant or unnecessary will not be counted." *Liberty Lobby, Inc.*, 477 U.S. at 248. It is not the task of the Court to scour the record in search of a genuine issue of triable fact. *Keenan v. Allen*, 91 F.3d 1275, 1279 (9th Cir. 1996). The nonmoving party has the burden of identifying, with reasonable particularity, the evidence that precludes summary judgment. *Id.* If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." *Celotex Corp.*, 477 U.S. at 323.

The moving party is not entitled to a default grant of summary judgment if the nonmoving party fails to file an opposition; the moving party must still meet its burden to show the absence of a genuine issue of material fact before the Court may grant summary judgment. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993) ("A local rule that requires the entry of summary judgment simply because no papers opposing the motion are filed or served, and without regard to whether genuine issues of material fact exist, would be inconsistent with Rule 56."); *see also* Fed. R. Civ. P. 56(e). In the absence of an opposition, Rule 56 permits the Court to consider all facts raised by the moving party as undisputed for purposes of the summary judgment motion.

At the summary judgment stage, the Court must view the evidence in the light most favorable to the nonmoving party: if evidence produced by the moving party conflicts with evidence produced by the nonmoving party, the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact. *See Leslie v. Grupo ICA*, 198 F.3d 1152, 1158 (9th Cir. 1999).

**B. Breach of Contract**

4

Case No.: 10-CV-00135-LHK
ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Under California law, to prevail on a breach of contract claim, a plaintiff must show: (1) the existence of a contract; (2) performance by the plaintiff; (3) a breach by the defendant; and (4) damages. *See Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1399 (1990). Plaintiff's SAC states a claim for breach of contract against Chase. The claim alleges that Chase violated the terms of the Deed of Trust by not providing Plaintiff with written notification of the change in mortgage servicer, as required under the terms of the first Deed of Trust. The contract states that "[i]f there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing." Req. for Judicial Notice Ex. 1 ¶ 20.

Although the SAC does not specifically allege that Chase became the loan servicer, it does allege that Chase was assigned the first Deed of Trust and consequently became Suntrust's successor-in-interest. SAC ¶ 25. As Suntrust's successor-in-interest, Plaintiff alleges that Chase became subject to the same contractual duty to provide Plaintiff with notice of the change in mortgage servicing that occurred when Suntrust ceased to accept payments on Plaintiff's mortgage and Plaintiff was instead required to send payments to Chase. SAC ¶ 28, 41; *see also* Order Granting In Part and Denying In Part Def.'s Mot. Dismiss at 4, ECF No. 15 ("It is reasonable to infer from the [first amended complaint's] 'predecessor-in-interest' allegation that Suntrust's disclosure duty under the deed of trust flowed to Chase upon re-assignment of the note.") Moreover, the Notice of Assignment submitted by Chase in support of its motion for summary judgment states that "the servicing of [the] loan, that is, the right to collect payments from you, is being assigned, sold or transferred from SunTrust Mortgage, Inc. to JPMorgan Chase Bank, N.A., effective May 01, 2008." Reardon Decl. Ex. D, at 1.

Chase argues that it is entitled to summary judgment on Plaintiff's claim for breach of contract because it mailed to Plaintiff the written Notice of Assignment in a timely manner.[2] Mot.

---

[2] Chase also argues that the contract did not require Chase to provide to Plaintiff prior notice of the transfer of beneficial interest in the first Deed of Trust. Mot. 6. However, the SAC does not include a claim for breach of contract stemming from any transfer of the beneficial interest in the

5
Case No.: 10-CV-00135-LHK
ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

5-6. To support its position, Chase points to Exhibit D of the Declaration of Thomas E. Reardon which purports to be a "true and correct copy of the Notice of Assignment." Reardon Decl. ¶ 7.

First, the purported copy of the notice leaves a genuine issue of material fact as to whether it was even mailed to the subject property address within 15 days of the effective date of transfer (May 1, 2008) as required by Sections 2605(b)(2)(A) and 2605(c)(2)(A) of RESPA. According to his declaration, Mr. Reardon did not review or become familiar with the alleged notice until after the start of this litigation. *See* Reardon Decl. ¶ 2. The alleged notice does not include any proof that it was actually mailed, and Mr. Reardon was not personally involved in mailing it. Moreover, the notice appears to be dated April 6, 2010, two years *after* Chase claims it mailed the notice to Plaintiff. Reardon Decl. Ex. D, at 1. The notice also provides Chase's privacy policy from November 2008, which states that it replaces the policy from April 2008. *Id.* at 3 (stating in the footer, "(11/08) (replaces 04/08)"). Thus, there appears to be an issue of material fact as to whether Chase mailed notice to Plaintiff in April 2008.

Even assuming that this notice was mailed in April 2008, it does not entitle Chase to summary judgment. The notice indicates that it was mailed to Plaintiff at the subject property address. Plaintiff's SAC, on the other hand, alleges that he was entitled to receive notice at his current mailing address, which Plaintiff alleges was no longer the subject property address in 2008. SAC ¶¶ 18, 23. According to the terms of the first Deed of Trust, "[t]he notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. . . . . There may be only one designated notice address under this Security Instrument at any one time." Req. for Judicial Notice Ex. 1 ¶ 15.

Chase's motion for summary judgment does not address Plaintiff's claim that his notice address was no longer the subject property address. SAC ¶ 23. Chase does not present facts indicating that Plaintiff's notice address was still the subject property address in April 2008. Nor does Chase point to a lack of evidence supporting Plaintiff's claim that he properly changed his notice address with Suntrust prior to the change in loan servicer. Consequently, Chase has not met

---

Deed of Trust. The SAC's claim instead focuses on Chase's alleged failure to provide Plaintiff with notice of the change in mortgage servicer.

6

Case No.: 10-CV-00135-LHK
ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

its initial burden to show the absence of a genuine issue of material fact, and Chase is not entitled to summary judgment on the breach of contract claim.

**C. RESPA**

Plaintiff alleges that Chase violated RESPA both by not providing Plaintiff with proper written notice of the transfer of mortgage servicing and by not responding to Plaintiff's QWR sent on June 8, 2009. SAC ¶ 53-54. Sections 2605(b) and 2605(c) of RESPA require that at least 15 days prior to the effective date of transfer of mortgage servicing rights, the transferor and transferee provide the borrower with written notice of the change in servicer.[3] Section 2605(e) requires the loan servicer to acknowledge a borrower's QWR within 20 days and to respond within 60 days. Section 2605(f)(1) provides that a loan servicer who fails to fulfill the requirements of RESPA shall be liable to an individual who brings a lawsuit for the sum of "(A) any actual damages to the borrower as a result of the failure; and (B) any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $1,000."

With respect to the alleged failure to provide written notice, Chase raises the same arguments as for the breach of contract claim, namely, that it did provide Plaintiff with written notice mailed to the subject property address. Mot. 5-6. Although RESPA's text does not discuss

---

[3] Specifically, RESPA requires that the written notice include:
"(A) The effective date of transfer of the servicing described in such paragraph.
(B) The name, address, and toll-free or collect call telephone number of the transferee servicer.
(C) A toll-free or collect call telephone number for (i) an individual employed by the transferor servicer, or (ii) the department of the transferor servicer, that can be contacted by the borrower to answer inquiries relating to the transfer of servicing.
(D) The name and toll-free or collect call telephone number for (i) an individual employed by the transferee servicer, or (ii) the department of the transferee servicer, that can be contacted by the borrower to answer inquiries relating to the transfer of servicing.
(E) The date on which the transferor servicer who is servicing the mortgage loan before the assignment, sale, or transfer will cease to accept payments relating to the loan and the date on which the transferee servicer will begin to accept such payments.
(F) Any information concerning the effect the transfer may have, if any, on the terms of or the continued availability of mortgage life or disability insurance or any other type of optional insurance and what action, if any, the borrower must take to maintain coverage.
(G) A statement that the assignment, sale, or transfer of the servicing of the mortgage loan does not affect any term or condition of the security instruments other than terms directly related to the servicing of such loan." 12 U.S.C. § 2605(b)(3) (2006).

to what address written notices should be sent, courts have held that where the borrower has specified a new mailing address with the mortgage servicer, notification must be sent to the updated mailing address. *See, e.g.*, *Rodriguez v. Countrywide Homes*, 668 F. Supp. 2d 1239, 1245 (E.D. Cal. 2009) ("Countrywide submits, and the Court agrees, that RESPA requires a lender to send a Good Bye letter to the Mailing Address listed by the borrower in the loan documents. When the borrower submits an express change of mailing address, the lender is required to send the Good Bye letter to the new address."). As Chase does not address Plaintiff's allegations that the notice was not sent to Plaintiff's updated mailing address, there remains a genuine issue of material fact with regard to whether Chase violated the notice requirements of RESPA by providing Plaintiff with written notice of the change in loan servicer within 15 days of the effective date of transfer. 12 U.S.C. § 2605(c)(1)-(2) (2006).

Turning to Chase's alleged failure to respond to the purported QWR, Chase first argues that the letter is not a valid QWR under RESPA. Mot. 7. RESPA defines a QWR as "a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B). The purported QWR sent by Plaintiff to Chase does not include a statement of reasons for which the Plaintiff believed his account was in error. Chase argues that this means that the letter is not a QWR. Mot. 7. However, it is possible that the letter "provide[s] sufficient detail to the servicer regarding other information sought by the borrower" when it states "I (again) request the production of my mortgage note copy I signed in 8/30/07." SAC Ex. D. Thus, a genuine issue of material fact exists as to whether the letter was a QWR to which Chase was required to respond.

Chase finally argues that Plaintiff's RESPA claim should fail even if the letter was a QWR because the fact that Chase mailed Plaintiff a Notice of Assignment means that Plaintiff could not have suffered any pecuniary loss as a result of the RESPA violation. There remains, however, a

8

genuine issue of material fact regarding whether or not Chase did properly mail Plaintiff a Notice of Assignment, so Chase is not entitled to summary judgment on Plaintiff's RESPA claim.

### D. Unjust Enrichment

Plaintiff's cause of action for unjust enrichment alleges that Plaintiff continued to send his monthly mortgage payments to Suntrust after the change in servicer, that Suntrust never credited those payments to his loan account, and that Suntrust sent those payments on to Chase who took the payments without crediting them to Plaintiff's account. SAC ¶ 25.

"[T]he elements for a claim of unjust enrichment [are] receipt of a benefit and unjust retention of the benefit at the expense of another." *Lectrodryer v. Seoulbank*, 77 Cal. App. 4th 723, 726 (2000) (citing *First Nationwide Savings v. Perry*, 11 Cal. App. 4th 1657, 1662-63 (1992)). In its motion for summary judgment, Chase argues that it cannot have been unjustly enriched because Chase was entitled to collect payments from Plaintiff under the first Deed of Trust. Mot. 8. This argument misunderstands Plaintiff's claim. Plaintiff alleges that Chase was unjustly enriched by essentially pocketing the payments made by Plaintiff without crediting them to Plaintiff's account and then foreclosing on the subject property. Chase has not pointed to an absence of factual support for Plaintiff's allegations. Under Plaintiff's theory, there remains a genuine issue of material fact as to whether Chase did receive and pocket payments from Plaintiff, which Chase does not address in its motion for summary judgment. Therefore, Chase is not entitled to summary judgment on Plaintiff's unjust enrichment claim.

### E. Imposition of a Constructive Trust

Chase next argues that imposition of a constructive trust would be improper because Chase did not breach any fiduciary duty owed to Plaintiff. Yet Chase did not need to breach a fiduciary duty in order for imposition of a constructive trust to be proper. As Judge Seeborg noted in his order denying Defendant's second motion to dismiss:

> "A constructive trust is not a true trust but an equitable remedy available to a plaintiff seeking recovery of specific property in a number of widely differing situations." *BGJ Assoc., LLC v. Superior Court*, 75 Cal. App. 4th 952, 967 (1999) (internal quotation marks omitted). Moreover, "[t]he cause of action is not based on the establishment of a trust, but consists of the fraud, breach of fiduciary duty, or other act that entitles the plaintiff to some relief. That relief, in a proper case, may be to make the defendant a

United States District Court
For the Northern District of California

> constructive trustee with a duty to transfer to the plaintiff." *Id.* California Civil Code section 2224 further provides that "[o]ne who gains a thing by fraud, accident, mistake, undue influence, the violation of a trust, or other wrongful act, is, unless he or she has some other and better right thereto, an involuntary trustee of the thing gained, for the benefit of the person who would otherwise have had it."

ECF No. 29, at 6-7. Judge Seeborg then found that Plaintiff's allegation in the SAC that Chase had kept the mortgage payments without crediting Plaintiff's account is precisely the scenario that would give rise to the imposition of a constructive trust. *Id.* at 7. As Chase has not raised any factual arguments to show that Chase did not receive those payments, nor pointed to an absence of factual support for Plaintiff's allegations, Chase is not entitled to summary judgment on this claim.

## IV. CONCLUSION

For the foregoing reasons, Chase's motion for summary judgment is DENIED.

**IT IS SO ORDERED.**

Dated: August 23, 2011

Lucy H. Koh
LUCY H. KOH
United States District Judge